JOEL HOWARD, *Pet'r from a decree of the Judge of Probate.*

A guardianship, for the cause of insanity, cannot be established over the husband, upon the application of his wife.

THE wife of the appellant represented to the Probate Court,

that he was insane, and prayed that a guardian might be appointed. After inquisition and notice, a guardian was appointed. From that decree this appeal was taken. One reason given for the appeal was, that a wife could not legally be a party to such proceedings.

*Bean,* for the appellant.

*Walton,* for the appellee.

WELLS, J., orally. — The statute allows the appointment of a guardian, upon the application of any *friend* or *relative.* This applicant then is within the language of the statute. The proceedings have all been regular in form. The question arises whether it be allowable for husband or wife to apply, the one against the other, for the establishment of a guardianship. It is now considered that in legal proceedings, the husband and wife cannot act adversely, the one to the other, except in cases of violence and of divorce. This is an adversary process.

Prosecutions like this involve litigation, and must be attended with many legal incongruities. What is to be done with the bond the husband has given to the wife, to prosecute this appeal and pay costs ? In the family circle too, it is easy to see that the tendencies must be of an injurious character. We think such processes could not have been contemplated by the Legislature. *Decree reversed.*